## Commonwealth v. Potochney

*Louis G. Feldmann*, for petitioner.
*Anthony J. Ciotola*, for defendant.

LEWIS, J., July 9, 1957.—This matter comes before the court on a rule granted upon the Commonwealth of Pennsylvania and upon Mary Potochney to show cause why the order of court entered on April 23, 1957, filed to the above term and number should not be vacated and the petition filed by the said Commonwealth of Pennsylvania and Mary Potochney under The Penn-

sylvania Civil Procedural Support Law on said date should not be quashed.

On July 30, 1954, there was entered in this court an order in the sum of $150 per month against defendant, Peter John Potochney, for the support of his wife, Mary Potochney, and their two children. The proceeding resulting in said order was prosecuted under The Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, as amended.

On April 23, 1957, said Mary Potochney presented a petition to this court praying for the attachment of wages of defendant under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, sec. 9, 62 PS §2043.39, citing a default on the part of defendant with respect to the original order of support and embodying proper documentation of the same. The order entered upon the petition is directed to Mack Trucks, Inc., defendant's employer, in Allentown (outside this county) and requires that the said Mack Trucks, Inc., make a full answer within 10 days of the service of the order of the amount of wages, salaries or commissions of Peter John Potochney, defendant, and further orders and directs that no payment be made to defendant over 50 percent of the amount due him until a further order of this court. Service was directed to be made by registered mail, and the record indicates that such was done.

The instant rule, therefore, in effect, questions the jurisdiction of this court to issue an order attaching the wages of defendant in Allentown, situate in Lehigh County.

After a careful examination of the Act of 1953, supra, as a whole, we are satisfied that the procedure followed by petitioner, Mary Potochney, was in error and that this court was without jurisdiction to issue an order based upon her petition.

The act, by its very terms, contemplates an initi-

ating county and a responding county. See sections 12 and 13 of the act.

Section 5 of the act provides:

"(a) A support action under this act shall be commenced by the filing of a verified complaint which shall state as follows: . . .

"(9) The complaint may contain . . . any order of support in any other court."

Section 12 of the act which sets forth the duties of the court of the initiating county is also illuminating. Its provisions are as follows:

"If the court of the county acting as an initiating county finds that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support *or the defendant is in default in payment on an order of support* and that the court of the responding county may obtain jurisdiction of the defendant or his property, it shall so certify to the responding county and shall cause three copies of (1) the complaint or order and (2) its certification to be transmitted to the court in the responding county." (Italics supplied.)

Again it should be noted that even though there be a default in payment on an order of support, the act contemplates the filing of a complaint and that the matter be referred to a responding county for proper action.

The duties of the court in the responding county, as they are material to the matter now before us, are set forth as follows in section 13:

"(a) If the court of the county acting as responding county receives from the initiating county the aforesaid copies, it shall (1) docket the cause, (2) notify the district attorney, (3) *set time and place for hearing,* and (4) serve the defendant. . . .

"(c) If the responding county finds a duty of support or a default in payment on an order of support,

it shall enter an appropriate order *and may further subject any property of the defendant to such order by any writ of attachment or execution."* (Italics supplied.)

In our construction of the statute there looms as most material the fact that the responding county is required to set a time and place for hearing and that, even though the complaint emanating from the initiating county may indicate that defendant is in default in payment of an order of support, the responding county must first find a duty of support under section (*c*) before entering an appropriate order or subjecting any property of defendant to attachment or execution. The inevitable conclusion, then, must be that the provisions of section 9 of the act were meant to be invoked by the responding county, after a hearing and an independent finding of a duty of support.

We are therefore constrained to find that the provisions of section 9 of the act under which petitioner purported to proceed to attach the wages of defendant under an order of the Court of Quarter Sessions of Luzerne County directed to Mack Trucks, Inc., Allentown, under date of April 23, 1957, is null and without effect.

Now, therefore, the rule heretofore granted upon the Commonwealth of Pennsylvania and upon Mary Potochney to show cause why the order of court entered on April 23, 1957, and filed to the above term and number should not be vacated and the petition filed by the said Commonwealth of Pennsylvania and Mary Potochney under The Pennsylvania Civil Procedural Support Law on April 23, 1957, should not be quashed, is hereby made absolute, without prejudice to petitioner to further proceed under the provisions of the Act of July 13, 1953, P. L. 431, and in accordance with this decision.